# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0685V

| | |
|---|---|
| SONJA JACKMAN,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 24, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Alec Saxe, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On January 12, 2021, Sonja Jackman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving an influenza ("flu") vaccine on November 4, 2020. Amended Petition at 1-2, 9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 10, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On October 24, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $60,581.25, representing compensation in the amounts of $60,000.00 for pain and suffering and $581.25 for past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] More than a year later, on February 18, 2022, she filed an amended petition, containing additional detail and medical record citations. ECF No. 26.

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $60,581.25, representing compensation in the amounts of $60,000.00 for pain and suffering and $581.25 for actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**  
Brian H. Corcoran  
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SONJA JACKMAN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>　　　　　　　　　　Respondent. | No. 21-685 (ECF)<br>Chief Special Master Corcoran |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 12, 2021, Sonja Jackman ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). Petitioner alleged that she "suffered a shoulder injury related to vaccine administration ('SIRVA')" resulting from the administration of an influenza ("flu") vaccine on November 4, 2020. Petition at 1.[1]

On September 10, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 42.

**I.　Items of Compensation**

　　A.　Pain and Suffering

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

[1] Petitioner filed an amended petition ("Amended Petition") on February 18, 2022, in which she made the same allegation of suffering a SIRVA resulting from the administration of the vaccine in question. Amended Petition (ECF No. 26) at 1. The Amended Petition simply provided more factual details regarding petitioner's claim.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $581.25. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.  Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $60,581.25, in the form of a check payable to petitioner.

## III.  Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner, Sonja Jackman:       **$60,581.25**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        JULIA M. COLLISON
        Assistant Director
        Torts Branch, Civil Division

        <u>/s/ Alec Saxe</u>
        ALEC SAXE
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146, Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel:  (202) 353-7722
        E-mail:  Alec.Saxe@usdoj.gov

DATED:  October 24, 2024